UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK L. HOWARD,

        Plaintiff,

      v.

NURSE MONROE, DR. ABDELLATIF,
UNKNOWN  BORGERDING,
UNKNOWN DeMASI, JOHN DOE,
JANE ROE, CORRECTIONAL
MEDICAL SERVICES, and
UNKNOWN POWELL,

        Defendants.

_____/

Case No. 2:05-CV-81

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiff Frank L. Howard and Defendants Monroe, Borgerding, Abdellatif, and Correctional Medical Services' ("CMS") Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of February 8, 2006 ("Report"). The Report recommended that Defendants Abdellatif and CMS' Motion to Dismiss be granted in part and denied in part; Plaintiff's equal protection and intentional infliction of emotional distress claims be dismissed; Defendant Monroe's Motion for Summary Judgment be granted; and Defendant Borgerding's Motion for Summary Judgment be granted. The Court will review the Report, the parties' Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).

Plaintiff is an inmate confined at the Standish Maximum Correctional Facility and was injured when another inmate struck Plaintiff in the leg.[1]  Plaintiff placed a medical kite over his cell

---

[1] It was later determined that the blow ruptured Plaintiff's Achilles tendon.

door and received medical attention the next day.  Plaintiff claims the treatment he received for his

injury was constitutionally deficient and Defendants' conduct violates the Eighth and Fourteenth

Amendments to the United States Constitution.  Plaintiff also alleges that Defendants intentionally

inflicted emotional distress upon him.  The Report recommended that Plaintiff's Fourteenth

Amendment and intentional infliction of emotional distress claims be dismissed.[2]  The Report further

recommended that Plaintiff's Eighth Amendment deliberate indifference claims against Defendants

Monroe and Borgerding be dismissed.  Finally, the Report recommended that Plaintiff's claims

against Defendant DeMasi be dismissed in light of Plaintiff's failure to exhaust his administrative

remedies.  The parties timely objected to the Report.

Defendants Abdellatif and CMS's Objections center upon the Report's treatment of

Plaintiff's administrative exhaustion.  The Prison Litigation Reform Act ("PLRA") provides in

pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Defendants Abdellatif and CMS assert Plaintiff has not shown that he has exhausted his

administrative remedies against them.  A review of Plaintiff's administrative grievances belies that

contention.

One of Plaintiff's grievances, numbered as SMF-02-2397-12z, states at Step I that "[t]his

grievance is on whomever determines 'when and the type of treatment I am receiving.'  . . . Dr.

Abdellatif noted swelling and the dent in my ankle but said it would be alright in a few weeks.  [He]

LIED!"  Plaintiff further complained that the Michigan Department of Corrections' ("MDOC")

---

[2] Plaintiff did not object to the Report's recommended dismissal of these claims.

private "health care provider" has been deliberately indifference to his health care needs and has

"jeopordiz[ed his] health and well being in order to save money!" (Pl.'s Compl., Ex. 1 at 2). This

grievance alleges deliberate indifference to Plaintiff's medical needs and mentions Defendant

Abdellatif and the MDOC's private health care provider as offending parties. This grievance was

pursued through Step III. The Court finds that Plaintiff has exhausted his administrative remedies

against Defendants Abdellatif and CMS. The MDOC was aware Plaintiff perceived the medical staff

at the Standish Maximum Correctional Facility to be deliberately indifferent to his medical needs

and that Defendants Abdellatif and CMS, among others, were blameworthy.[3] *See Burton v. Jones*,

321 F.3d 569, 575 (6th Cir. 2003) (exhaustion found when "sufficient for a court to find that a

prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or

misconduct that forms the basis of the constitutional or statutory claim made against a defendant in

a prisoner's complaint."). Therefore, Defendants Abdellatif and CMS' Objection on this ground will

be denied.

Next, Defendants Abdellatif and CMS, whose Objection on this ground is joined in by

Defendants Monroe and Borgerding, assert that because Plaintiff's Complaint contains both

administratively exhausted and unexhausted allegations, his entire Complaint must be dismissed.[4]

---

[3] Another one of Plaintiff's grievances, numbered as SMF-03-03-05497-12d, states at Step I that "[t]his grievance IS NOT on any of the Health Care Staff or Doctors at" the Standish Maximum Correctional Facility. (Pl.'s Compl., Ex. 1 at 11). "However it does involve a health care issue." (*Id.*). Plaintiff complained that he has suffered "deliberate indifference on the behalf of [MDOC] officials and their health care providers." (*Id.*). This grievance was also appealed through Step III. The Court finds this grievance also alleges mistreatment at the hands of Defendant CMS and provides another exhausted claim against Defendant CMS.

[4] The Report determined that Plaintiff did not administratively exhaust his claims against Defendant DeMasi. *See infra.*

*See Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).  Exhaustion requires prisoners to submit their grievance to prison officials so administrators have the opportunity to address complaints internally and potentially resolve the dispute before federal suit.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (citing 42 U.S.C. § 1997e(a)).  The exhaustion requirement also acts as a filter, filtering out frivolous claims, or at least clarifying the record for the district court.  *Id.* at 525.  The burden to plead and prove exhaustion belongs to Plaintiff, 42 U.S.C. § 1997e(a); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), and "a prisoner should attach to his [section] 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint."  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

As Defendants correctly cite, the Sixth Circuit recently held in *Jones-Bey* that the PLRA requires the "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims."  *Jones-Bey*, 407 F.3d at 805.  As Defendants further correctly cite, this Court has reviewed *Jones-Bey* and other Sixth Circuit precedent and determined that *Jones-Bey* is void under Sixth Circuit law.  It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting *en banc* overrules the prior decision."  *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)) (discussing the effect of published opinions by previous panels); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court *en banc* consideration is required to overrule a published opinion of the

court.") (quoting 6th Cir. R. 206(c)).  Consequently, this Court still finds that *Hartsfield v. Vidor*,

199 F.3d 305 (6th Cir. 1999), remains controlling precedent.[5]

   *Hartsfield* held that, in a prisoner's civil rights action, unexhausted claims should be

dismissed without prejudice and exhausted claims should be allowed to proceed and be determined

on the merits.  The Court finds that *Hartsfield* did address this issue and allowed for partial

exhaustion, albeit not in as direct language as the *Jones-Bey* panel.  Even without a direct discussion

of exhaustion, the intention of the *Hartsfield* panel to allow for partial exhaustion is clear since, as

is often the case, it is facts and holdings that make precedent.  "The *Hartsfield* panel indisputably

could not have decided the case in the way that it did if total exhaustion was required." *Jones-Bey*,

407 F.3d at 810 (Clay, J., concurring in part and dissenting in part).  Additionally, following

*Hartsfield* is consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D.

Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted

claims to be determined on the merits).  Therefore, this Court will follow the precedent set by

*Hartsfield* until and unless the Supreme Court of the United States or the Sixth Circuit *en banc*

determines that the total exhaustion rule applies to prisoner civil rights actions.  Because neither has

occurred, only Plaintiff's unexhausted claims against Defendant DeMasi will be dismissed without

prejudice for failure to exhaust.  Defendants Objections on this ground will be denied.[6]

---

   [5] A subsequent Sixth Circuit published decision—before *Jones-Bey* was decided—noted that *Hartsfield* was controlling precedent.  *See Burton*, 321 F.3d at 575 n.2 ("the *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant.").

   [6] The Court has reviewed Defendants Abdellatif and CMS's supplemental brief where they cite to the Court of Appeals recent point to *Rinard v. Luoma*, 440 F.3d 361 (6th Cir . 2006).  *Rinard* was a three-judge decision and suffers from the same defects as *Jones-Bey*.  *See* 6 Cir. R. 206(c).

Moving to Plaintiff's Objections, Plaintiff objects to the Report on several grounds. First, Plaintiff disagrees with the Report's factual account of the events surrounding his claim. Plaintiff maintains that he had to plead and threaten Defendant Monroe with a grievance before she would attend to Plaintiff's medical needs. Plaintiff also maintains that he had to beg for a supportive bandage and for physical therapy. Finally, Plaintiff asserts that his injury was urgent and needed to be sent to an outside hospital. Upon review, even if the Court sustained Plaintiff's factual objections, it does not negate the fact that Defendant Monroe examined Plaintiff the day after his injury occurred and scheduled Plaintiff to see a medical doctor. The Court concurs with the Report that Defendant Monroe was not deliberately indifferent to Plaintiff's medical needs because she actively attended to his needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Plaintiff's disagreement as to the proper course of treatment is not enough to state an Eighth Amendment deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Therefore, Plaintiff's Objections on this ground will be denied.

Next, Plaintiff objects that because Defendant Borgerding never physically examined Plaintiff, his decision to deny Plaintiff a boot brace was deliberately indifferent to Plaintiff's medical needs. Defendant Borgerding advised medical staff that a boot brace was not available at the Standish Maximum Correctional Facility and medical staff made Plaintiff a boot out of plaster cast material. Although each brace failed, Plaintiff's claim against Defendant Borgerding is a disagreement over the proper course of treatment rather than a deliberate denial of medical care (or purposefully inadequate medical care), that was designed to punish Plaintiff. *Hicks v. Frey*, 992 F.2d

1450, 1455 (6th Cir. 1993) (quoting *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988)).

Accordingly, Plaintiff's Objections on this ground will be denied.

Plaintiff also objected to the Report's recommended dismissal of Defendant DeMasi in light

of Plaintiff's failure to exhaust his administrative remedies against Defendant DeMasi.  Plaintiff did

not list Defendant DeMasi in any Step I grievances filed with the MDOC, as he was required to do.

*See Burton*, 321 F.3d at 575.  Plaintiff first mentions Defendant DeMasi on April 28, 2003, at Step

III of his grievance numbered SMF-03-03-0547-12d.  Plaintiff then filed a subsequent grievance,

number 03-09-1907-12d, concerning his medical care and neglected to include Defendant DeMasi.

Thus, as the Report correctly observed, Plaintiff learned of Defendant DeMasi's involvement in this

case before initiating this lawsuit and failed to administratively exhaust his claims against Defendant

DeMasi.  Consequently, Plaintiff's Objections on this ground will be denied.

Lastly, Plaintiff included a final global objection to the Report that summary judgment is

inappropriate for any defendant.  On this score, Plaintiff has simply recited the standard for the

summary judgment and reiterated the grounds of his Objections discussed above.  For the same

reasons the Court denied Plaintiff's Objections above, Plaintiff's final objection is denied.

An Order and Partial Judgment consistent with this Opinion shall enter.

                                         /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
     April 10, 2006               SENIOR UNITED STATES DISTRICT JUDGE