UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK L. HOWARD,                                    Case No. 2:05-CV-81

       Plaintiff,                                    Hon. Richard Alan Enslen

v.

UNKNOWN MONROE, *et al.*,
                                       **ORDER**

       Defendants.
_____/

This matter is before the Court on Defendants Correctional Medical Services ("CMS") and Dr. Abdellatif's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of January 18, 2008, which recommended denial of Defendants' Motion for Summary Judgment. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). Based on the extensive briefing and record, the Court discerns no reason for oral argument. *See* W.D. Mich LCivR 7.2(d). After tedious deliberation, the Court concludes that the Report properly denied summary judgment in accordance with pertinent standards. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Defendants argue Plaintiff Frank L. Howard has not met his burden of demonstrating deliberate indifference on the part of Dr. Abdellatif. A plaintiff need not show a prison official acted "for the very purpose of causing harm or with knowledge that harm will result." *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Instead, "deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* (quoting *Farmer*, 511 U.S. at 836). Construing the facts in a light most favorable to Plaintiff, the Report was correct to infer, based on circumstantial evidence, that Dr. Abdellatif was deliberately indifferent to the risk that Plaintiff's foot and Achilles tendon would not

heal properly in the absence of action which was not immediately taken. *Cf. Farmer*, 511 U.S. at 842. Instead of scheduling surgery within a month of Plaintiff's injury, Dr. Abdellatif prescribed an anti-inflammatory medication—one which Plaintiff had already indicated was ineffective for his back problems—and provided Plaintiff an Ace bandage to apply himself. A reasonable juror could conclude this "treatment" was constitutionally inadequate. *See Comstock*, 273 F.3d at 708 n.5 (finding that "a prison doctor's medical response to an inmate's serious need may constitute deliberate indifference just as readily as the intentional denial or delay of treatment"). A reasonable juror could also find that Dr. Abdellatif cannot "escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 843 n.8). Accordingly, this Objection is without merit.

Defendants next argue Plaintiff has failed to identify evidence upon which a reasonable juror could conclude that CMS maintained an unconstitutional policy, practice, or procedure that was relied on by some person and resulted in deliberate indifference to Plaintiff's medical need. Plaintiff identified the following policies or practices which may have resulted in deliberate indifference:

> 1) CMS's unwritten policy to deny medical care in order to reduce costs and increase profits.
> 2) CMS's policy to delay approved surgical procedures after the resignation of contracted surgeons until suitable economic arrangements are in place for replacement surgeons to perform those surgeries.
> 3) Failing to have a policy to schedule surgeries in the time frame for surgeries on acute injuries to be effective.
> 4) Failure to have a policy prioritizing approved surgeries based on urgent need.
> 5) Policy requiring new CMS approval of surgery for a patient upon appointment of new surgeon irrespective of urgent need of surgery. [and]
> 6) Expecting and/or allowing MDOC nurses to handle initial triage and injury assessment/classification.

(Pl.'s Br. 47.)  The Count finds that a reasonable juror could conclude at least one of these alleged polices or practices deliberately caused or contributed to an unnecessary delay in Plaintiff's treatment resulting in aggravated injury.  *Cf. Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) (denying summary judgment because county did not have a formal policy on how to deal with prisoner illnesses and it was the jail's practice to not provide a substitute nurse when the on-duty nurse called in sick); *Duncan v. Duckworth*, 644 F.2d 653, 654 (7th Cir. 1981) (inferring deliberate indifference based on "failure to promptly schedule surgery, once the need for it was recognized and in the face of [the prisoner's] repeated complaints"); *Saylor v. Caruso*, No. 1:04-CV-498, 2006 WL 2884487, at *2 (W.D. Mich. Oct. 10, 2006) ("When physicians and other medical staff know that immediate specialty care is needed and delay the referral to such care for cost or convenience reasons, the Eighth Amendment is violated.") (citations omitted).  Accordingly, this Objection is without merit.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Objections (Dkt. No. 165) are **DENIED**, the Report and Recommendation (Dkt. No. 162) is **ADOPTED** as supplemented herein, and Defendants' Motion for Summary Judgment (Dkt. No. 95) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute (Dkt. No. 110) is **DENIED**.

DATED in Kalamazoo, MI:  
    February 8, 2008

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE