UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK L. HOWARD,

    Plaintiff,

v.

    Case Number 2:05-cv-81

    Hon. Janet T. Neff

CORRECTIONAL MEDICAL SERVICES, INC.
AND BADAWI ABDELLATIF M.D.,

    Defendants,
_____/

| | |
|---|---|
| Edward P. Perdue (P55888) | Ronald W. Chapman (P37603) |
| Julie Westra (P71388) | Brian J. Richtarcik (P49390) |
| DICKINSON WRIGHT PLLC | Chapman and Associates, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants Dr. Abdellatif and |
| 200 Ottawa Ave., N.W., Suite 900 | Correctional Medical Services, Only |
| Grand Rapids, MI 49503 | 40950 North Woodward Ave., Suite 120 |
| (616) 458-1300 / (616) 458-6753 fax | Bloomfield Hills, MI 48304 |
| | (248) 644-6326 / (248) 644-6324 fax |

**PLAINTIFF'S MOTION *IN LIMINE* REGARDING USE OF DEPOSITION
TESTIMONY DESIGNATIONS**

Plaintiff Frank L. Howard, at the direction of Magistrate Judge Greeley who indicated he should move to settle Defendants' apparent objections to his intended use of deposition testimony designations of Defendant Abdellatif and Defendant CMS' party representatives, moves this Court to enter an order allowing Plaintiff at trial to use those designations he has properly listed in the Court's Final Pretrial Order, as required and allowed by Judge Enslen's original Case Management Order.

Mr. Howard intends to use those designations in the following manner:

a) publication through posting on the electronic evidence screen and through reference/discussion during opening and closing statements;

b) publication through posting on the electronic evidence screen, through reading and through normal impeachment techniques during the direct examination of Defendants' hostile witnesses;

c) publication through posting on the electronic evidence screen and through normal impeachment techniques during cross examination of any of Defendants' witnesses;

d) at Plaintiff's discretion, publication through posting on the electronic evidence screen and through reading to the jury into the record at the close of Plaintiff's proofs; and

e) by placing a copy of the designated deposition testimony transcript pages in the exhibit books.

Plaintiff also objects to Defendants' stated intention to counter-designate additional deposition testimony at trial and/or to restate objections that were made during the depositions at trial. Plaintiff's designations were given to Defendants well in advance of the June 12, 2008 deadline for filing of the proposed pretrial order. Those counter-designations should have been made prior to the submission of the proposed pretrial order or at a minimum before the pretrial

conference. Any objections should have been made in the form of a motion in limine by June 12th, or at a minimum by the date of the pretrial conference. To allow Defendants to interpose objections and counter-designations at trial will prejudice the Plaintiff, would circumvent the deadlines set forth in the Case Management Order without a showing of good cause, and will serve no other purpose than to purposefully interrupt the Plaintiff's organized presentation of evidence.

Pursuant to W.D. Mich. LCivR 7.1(d), during the final pretrial conference Plaintiff sought Defendants' concurrence in the requested relief, and concurrence was denied which has precipitated this motion.

Respectfully Submitted,

DICKINSON WRIGHT PLLC
Attorneys for Frank L. Howard.

By: ___/s/ Edward P. Perdue___
Edward P. Perdue (P55888)
Julie Westra (P71388)
200 Ottawa NW, Suite 900
Grand Rapids, MI  49503
(616) 458-1300
eperdue@dickinsonwright.com

Dated:  June 27, 2008

GRAPIDS 99997-846 222461v1